(75 South. 67)

No. 22389.

STATE v. BIGGIO.

(April 16, 1917.)

*(Syllabus by Editorial Staff.)*

1. INTOXICATING LIQUORS ☞242 — REVOCA-
TION OF LICENSE—AUTHORITY OF COURT.

Act No. 176 of 1908, § 6, makes it a crime
for any person conducting a saloon to sell intoxi-
cating liquors to a woman, and section 7 pro-
vides that any person convicted thereof shall,
in addition to the punishment prescribed in sec-
tion 6, be permanently deprived of the privilege
of conducting a saloon or other place where spir-
ituous liquors are sold, and the revocation of
such privilege shall be declared by the court hav-
ing jurisdiction to impose the penalties fixed by
section 6. *Held*, that neither section 7 nor any
other law authorizes the court to revoke or an-
nul accused's license or permit, and the sentence
should *merely provide in the language of the
statute, or equivalent language, that accused*
"be permanently deprived," etc.

[Ed. Note.—For other cases, see Intoxicating
Liquors, Cent. Dig. §§ 356–361.]

2. INTOXICATING LIQUORS ☞242 — REVOCA-
TION OF LICENSE—AUTHORITY OF COURT.

A sentence ordering that accused be deprived
of the privilege of conducting a barroom in a
particular parish was improper and should have
extended the deprivation to the entire state.

[Ed. Note.—For other cases, see Intoxicating
Liquors, Cent. Dig. §§ 356–361.]

3. CRIMINAL LAW ☞1159(1) — APPEAL — RE-
VIEW—QUESTIONS OF FACT.

On appeal from a conviction for selling liq-
uor to a woman in violation of statute, the Su-
preme Court has nothing to do with the suffi-
ciency of the evidence.

[Ed. Note.—For other cases, see Criminal
Law, Cent. Dig. §§ 3074, 3082, 3083.]

Appeal from Twenty-Sixth Judicial Dis-
trict Court, Parish of St. Tammany; Pren-
tiss B. Carter, Judge.

Charles Biggio was convicted of an offense,
and, from the judgment convicting him and
revoking his license to operate a saloon, he
appeals. Judgment annulled in part, and
affirmed in part and remanded.

Fred J. Heintz, of Covington, for appel-
lant. A. V. Coco, Atty. Gen., and J. Vol
Brock, Dist. Atty., of Franklinton (Vernon
A. Coco, of Marksville, of counsel), for the
State.

PROVOSTY, J. Section 6 of Act 176, p.
239, of 1908, makes it a crime punishable by
fine or imprisonment or both for any person
conducting a saloon to sell intoxicating liq-
uors to a woman; and section 7 of the same
act provides that:

The person convicted of such crime "shall, in
addition to the punishment prescribed in sec-
tion 6, * * * be permanently deprived there-
after of the privilege of conducting a * * *
saloon * * * or other place where spiritu-
ous * * * liquors * * * are sold; and
the revocation of said privilege shall be declared
by the court having jurisdiction to impose the
penalties fixed by section 6."

The accused in this case having been found
guilty under section 6, the court sentenced
him under that section, and then proceeded
as follows:

"It is further ordered that his license and per-
mit to operate a saloon in the town of Abita
Springs, in the parish of St. Tammany, shall be
revoked and annulled, and that he shall be de-
prived of the privilege of conducting a barroom
in this parish."

[1, 2] Neither said section 7, nor any other
law that we know of, authorizes the court
to revoke or annul the license or the permit
of accused. In these respects, therefore, the
sentence is unauthorized, and must be an-
nulled. The sentence should have been made
to read, in the words of the statute, or equiv-
alent, that the accused "be permanently de-
prived," etc. And, by the way, the depriva-
tion should not be restricted to the parish,
but extended to the entire state.

[3] The woman to whom the liquor is al-
leged to have been sold testified that no liq-
uor was sold to her; and accused claims
that he was exculpated by this; or that, at
any rate, the basis was established for a
reasonable doubt. With the sufficiency of
the evidence to convict, however, this court
has nothing to do.

The judgment appealed from is therefore
annulled in so far as it revokes the license
and permit of the accused, and is affirmed in
so far as it imposes a fine, etc., and the
case is remanded for proper sentence to be

passed under section 7 of Act 176, p. 239, of 1908.

O'NIELL, J., is of the opinion that the sentence depriving the convicted person of the privilege of conducting a barroom, ipso facto, revoked his permit, though not his license; the latter being transferable.